NOT DESIGNATED FOR PUBLICATION

No. 128,372

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

VICTOR PHANTHAKEO,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; JACOB PETERSON, judge. Submitted without oral argument. Opinion filed July 2, 2026. Affirmed.

*Dylan J. Pryor*, of Kansas Appellate Defender Office, for appellant.

*Miranda R. Neal*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, C.J., ARNOLD-BURGER, J., and LAURA JOHNSON-MCNISH, District Judge, assigned.

PER CURIAM: Victor Phanthakeo pleaded no contest to, among other charges, one count of aggravated battery "with a deadly weapon, to-wit: Handgun, or in a manner whereby great bodily harm, disfigurement, or death could have been inflicted." Phanthakeo challenges his Kansas Offender Registration Act (KORA) registration requirement arguing that the district court failed to conduct the necessary factfinding at his plea hearing to make KORA registration applicable to him. Because we find he failed

to preserve this argument by raising it with the district court, we affirm the district court's KORA registration order.

FACTUAL AND PROCEDURAL HISTORY

This direct appeal only involves one charge out of several involving the actions of Phanthakeo in December 2023. The State charged:

"That on or about December 16, 2023, in Saline County, Kansas, VICTOR PHANTHAKEO did unlawfully, feloniously, and recklessly cause bodily harm to another person, to-wit: Sophana In, with a deadly weapon, to-wit: Handgun, or in a manner whereby great bodily harm, disfigurement, or death could have been inflicted, a severity level 8 person felony, in violation of K.S.A. 21-5413(b)(2)(B) & (g)(2)(D)."

Pursuant to a plea agreement, Phanthakeo entered a plea of no contest to the charge. Phanthakeo's signed plea agreement stated, "I will be required to register as an offender under KORA for fifteen years."

At the plea hearing, the prosecution presented the notice of duty to register and a copy of the complaint. The prosecution requested a technical adjustment to the subsection of the registration form referencing aggravated battery—the provision that triggers the registration obligation—changing it from K.S.A. 21-5413(b)(2)(A) (recklessly causing great bodily harm to another person or disfigurement of another person) to K.S.A. 21-5413(b)(2)(B) (recklessly causing great bodily harm to another person with a deadly weapon, or in any manner whereby great bodily harm, disfigurement or death can be inflicted) to match the charge in the complaint. The district court judge asked Phanthakeo if he objected to the change, and he stated he did not. The judge also asked Phanthakeo, "And do you feel like anything's been affected about your notice of duty to register by that change?" He replied, "No." The district court confirmed that this change did not affect Phanthakeo's understanding of his registration obligations. The district court

2

clarified for the record that the modification was a clerical error, not a substantive change, and would not alter the legal effect of the notice he received.

The district court reviewed the plea agreement with Phanthakeo and conducted the plea colloquy. The district court asked Phanthakeo, "Do you also understand that you will be required to register as an offender under the Kansas Offender Registration Act [KORA] if I accept your plea?" He answered in the affirmative. The district court judge explained the procedures to register under KORA, and after confirming that Phanthakeo had reviewed the notice of the duty to register, all parties—including the district judge— signed the notice. In the notice, Phanthakeo initialed by the reasoning for his registration requirement: "I must register for fifteen (15) years . . . [for a] [c]onviction of any person felony and the court makes a finding on the record that a deadly weapon was used in the commission of such person felony." The State provided the factual basis for Phanthakeo's plea:

> [THE STATE]: ". . . He advised Joey was shot in the stomach and fled the scene. He advised Sophana was struck by the bullet. Officer Constantino made contact with the defendant. He observed [Phanthakeo] holding his hands in his pockets. [Phanthakeo] removed his hands and advised he had a gun in his sweatshirt pocket. A silver and black Smith and Wesson .40 caliber handgun was removed from his pocket. And speaking with [Phanthakeo], he advised that he told his brother . . . touch me or 'I'll pop your ass' and I did. He later confirmed that that meant he shot him. . . . Sophana had, apparently, put his arms around Joey to pull him back and that's when the two were shot."

The court asked if defense counsel had any objection to the factual basis, and she did not. The following exchange took place after the court established the factual basis:

> "THE COURT: Are you pleading no contest knowing that based on [the State's] statements, you will be convicted of each count?
> "[PHANTHAKEO]: Yeah.
> . . . .

3

"THE COURT: Do you agree that the jury could convict you based on the evidence stated by [the State]?

"[PHANTHAKEO]: Yes.

"THE COURT: . . . The Court finds that the defendant's plea has been knowingly, freely, voluntarily, and intelligently made with an understanding of the nature of the crime charged and the consequences of the plea and the defendant's competence plea. The Court also finds that there is a significant and factual basis in the record to support the plea and that such evidence is not contested by the defendant."

The district court accepted Phanthakeo's plea and found him guilty.

At sentencing in October 2024, the district court found Phanthakeo to have a criminal history score of I, making his aggravated battery charge a presumptive prison sentence under Special Rule 1, which provides that the offense is a person felony committed with a firearm. Because of Phanthakeo's minimal criminal history, his amenability to treatment, and his compliance while on bond, the district court departed from the plea agreement and imposed a controlling term of 31 months' imprisonment to run concurrent with his other charges.

In the sentencing journal entry, in regards to the special rules that apply, the court wrote in, "#1 - Person Felony Committed With a Firearm." The court also selected "Yes" to the question, "Did offender, as determined by the court, commit the current crime with a deadly weapon?" On the "Special Rules Supplemental Page," the court checked the box labeled "Person Felony Committed With a Firearm—presumed prison." In the "Offender Registration Supplement," the court checked "Offender required to register due to VIOLENT OFFENDER status" and "Any person felony with court finding on the record that such felony was committed with a DEADLY WEAPON." As to the registration term, the district court checked the box for "Any conviction of a person felony w/ court finding on the record that such felony was committed with a DEADLY WEAPON- K.S.A. 22-4902(e)(2)."

4

At the conclusion of sentencing, the court reminded Phanthakeo of his duty to register, and the following discussion occurred.

"[THE STATE]: Does Count 3 include—does the Court apply Special Rule 1 in Count 3? That was on the PSI that's the—committed with a firearm?

"THE COURT: You need me to make a special finding on that?

"[THE STATE]: I—well, I think just for purposes of if the Court's thinking that finding that Special Rule 1 applies, then I would need the Court to announce that so it would be included in the journal entry. If not—

"THE COURT: Yeah, it's—I mean, it certainly was a—

"[THE STATE]: Okay.

"THE COURT: —person felony committed with a firearm. And the Court is operating under the presumption that it was presumptive prison as well."

Phanthakeo timely appeals.

ANALYSIS

On appeal, Phanthakeo argues the district court erred in ordering him to register as a violent offender under KORA. According to Phanthakeo, because the district court did not find on the record at the plea hearing that a deadly weapon was used in the commission of his crime, he is not considered a violent offender under KORA and, therefore, not required to register. In other words, the language in KORA implies that the finding must be made at the time of adjudication. As a result, the district court's order that he register as a violent offender under KORA is invalid.

The State counters that KORA requires that a defendant be notified of the duty to register at the time of conviction or adjudication but there is no language in the K.S.A. 22-4902(e)(2) regarding the timing of the factual finding. According to the State, the factual finding that a deadly weapon was used may occur at sentencing, and in

5

Phanthakeo's case, the district court made that finding. But first, the State contends that this court need not address Phanthakeo's argument because he failed to preserve the issue for appeal. We agree.

*This court has jurisdiction over the legal question, but the issue was not preserved.*

As a threshold matter, this court must first address its jurisdiction over the KORA registration question on appeal. Whether this appellate court possesses jurisdiction over a topic on appeal is a question of law in which review is unlimited. *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016).

This court has jurisdiction to consider a direct appeal from a defendant who pleaded no contest and challenges a district court's order that he comply with KORA. *State v. Marinelli*, 307 Kan. 768, Syl. ¶ 2, 415 P.3d 405 (2018).

That said, establishing statutory jurisdiction is not determinative because this court may decline to reach the merits for another reason—preservation.

The "general preservation rule prevents asserting a new legal theory for the first time on appeal, even though it is a prudential rule and not a jurisdictional requirement." *In re A.B.*, 313 Kan. 135, 140, 484 P.3d 226 (2021) (citing *State v. Frye*, 294 Kan. 364, Syl. ¶ 2, 277 P.3d 1091 [2012]).

Because Phanthakeo raises his claim for the first time on appeal, this court must determine whether to exercise its prudential authority to consider this unpreserved claim. This court may review an unpreserved claim under any of the following limited exceptions:  (1) the new claim raises only a question of law based on uncontested facts; (2) consideration is necessary to serve the ends of justice or prevent denial of

fundamental rights; or (3) the district court's judgment is correct for the wrong reason. See *State v. Rhoiney*, 314 Kan. 497, 500, 501 P.3d 368 (2021).

Phanthakeo argues the first exception applies as the parties are not in dispute regarding what the court did, only whether the court's actions complied with the controlling statutes. Whether registration is required under KORA is a question of law and is finally determinative of his case. He also asserts this issue is based solely on the plea hearing, making further factual development unnecessary. But it is not enough for a party simply to assert an exception's existence. *State v. Unruh*, 320 Kan. 260, 264, 565 P.3d 825 (2025). And even if a recognized exception to this general rule may apply, we are under no obligation to review the new claim, and we need not provide a reason for the denial. *State v. Mendez*, 319 Kan. 718, 730, 559 P.3d 792 (2024).

In further support of his preservation argument, Phanthakeo draws our attention to *Marinelli*, in which the Kansas Supreme Court elected to review a registration issue for the first time on appeal. But the case is distinguishable. In *Marinelli*, the acknowledgment of rights and plea agreement inexplicably stated that Marinelli was *not* subject to KORA registration. And there was no mention of KORA registration in the plea colloquy. See 307 Kan. at 770. Phanthakeo also fails to mention that even though it considered the unpreserved issue, the *Marinelli* court ultimately found that the district court's failure to inform the defendant on the record at the time of conviction about the procedure to register and the requirements of the Kansas Offender Registration Act, K.S.A. 22-4901 et seq., did not excuse his obligation to register. 307 Kan. 768, Syl. ¶ 4.

The facts here are starkly different than those in *Marinelli*.

Here, Phanthakeo was aware of the registration requirements because it was included in his plea agreement, and it was discussed many times at the plea hearing, which Phanthakeo expressly acknowledged. The charge to which he pled noted he used a

deadly weapon, a gun. Defense counsel also told the court that Phanthakeo had a copy of the tender of the plea in front of him and that counsel had visited Phanthakeo in jail that same morning and they reviewed it "paragraph by paragraph." The district court judge also informed Phanthakeo of the KORA registration requirements and confirmed that Phanthakeo had reviewed the notice of duty to register, which all parties—including the district judge—signed. The section of the notice outlining the violations that would require him to register for 15 years, underlined "[c]onviction of any person felony and the court makes a finding on the record that a deadly weapon was used in the commission of such person felony." The factual basis recited at the plea hearing identified a "black Smith and Wesson .40 caliber handgun" as the weapon used to shoot the victims. That fact was also a part of the plea colloquy and reflected in the record at the time the district court informed Phanthakeo of his registration obligations. Kansas courts have never questioned whether an operable handgun meets the definition of a firearm. Because a firearm is recognized as a deadly weapon under KORA, this established the required fact that a deadly weapon was used. See *State v. Carter*, 311 Kan. 206, 213, 459 P.3d 186 (2020).

But now Phanthakeo argues that despite the extensive discussion of registration at the time of his plea and conviction, and despite the district judge's written journal entry indicating that Phanthakeo was a violent offender because he used a deadly weapon in the commission of a person felony, this was not sufficient under KORA. But see *Carter*, 311 Kan. 206, Syl. ¶ 1 (holding that judge's written journal entry showing that a defendant is a violent offender subject to KORA because they used a deadly weapon in the commission of a person felony is an adequate finding under the Act). And Phanthakeo argues this alleged failure requires this court to consider this matter for the first time on appeal and vacate the registration order.

We are reminded of the reasons for our appellate preservation rules.

"Appellate courts are designed to review decisions made by the trial courts, not to serve as forums for introducing new arguments or evidence. This principle ensures that trial courts have the first opportunity to address and resolve issues, promotes judicial efficiency, and prevents unfair surprises to the opposing party." *State v. Jelinek*, 66 Kan. App. 2d 158, 163, 577 P.3d 662 (2025).

Phanthakeo failed to object to his registration requirement despite multiple opportunities to do so. He provides no reason for this failure, nor does he argue how the district court's findings were inadequate given that Phanthakeo unequivocally relayed to the court his understanding, acknowledgment, and acceptance of a 15-year registration requirement as a violent offender. The burden to convince this court of whether it should hear this new claim is on Phanthakeo. We exercise our prudential authority and decline Phanthakeo's invitation.

Judgment of the district court is affirmed.

Affirmed.